## BERNARD ANDREWS *vs.* LEON NALLEY.

### Oxford.    Opinion January 5, 1921.

*Report of master in chancery, on damages and costs, on dissolution of a temporary injunction. R. S., Chap. 82, Sec. 35, embraces all damages passed upon by the master. Motion for the assessment of damages and costs may be either in writing or oral. Estoppel by conduct. All irregularities in proceedings, which do not go to the jurisdiction of the court may be waived.*

This case arises upon a motion and hearing to dissolve a temporary injunction obtained upon bond by the plaintiff against the defendant.

The injunction was dissolved and the sitting Justice appointed Donald B. Partridge as special master to hear the parties and assess the damages and costs sustained by the defendant by reason of the injunction. The master gave notice and heard the parties and found that the defendant was entitled to recover the sum of $269.52.

To the finding of the master, the plaintiff filed exceptions. At the February term of court, 1920, upon motion of the defendant for an acceptance of the report, the sitting Justice, after hearing, both parties being represented by counsel, ordered and decreed that the exceptions to the master's report be overruled, and the report affirmed, and further decreed that the damages and costs suffered and incurred by the defendant by reason of the temporary injunction be assessed and awarded to the defendant in the sum of $269.52, and in default of payment execution to issue.

The exceptions are based upon two theories: One, that the elements of damages considered by the master are not included in those contemplated by the statute; two, that no motion was made in accordance with the requirements of the statute for the assessment of damages.

*Held:*

1. That R. S., Chap. 82, Sec. 35, which provides in case a temporary injunction is dissolved upon the motion of the defendant that the plaintiff shall pay all damages and costs caused thereby, is broad enough to include every element of damage upon which the master passed.

2. That upon the second theory, the plaintiff could not stand by and take the changes of a favorable report of the master, and accept the advantage thereof, and decline to abide by the report if it was deemed by him to his advantage to do so.

On exceptions by plaintiff. This case arises from the dissolution of a temporary injunction. A master in chancery was appointed to assess damages and costs, and after a hearing filed in court his report, to which plaintiff filed exceptions. The plaintiff's exception's were overruled, the report affirmed, damages and costs assessed to defendant in the sum of $269.52, and in default of payment execution to issue. To these decrees plaintiff excepted. Exceptions overruled.

Case stated in the opinion.

*Albert Beliveau,* for plaintiff.

*John P. Swasey,* for defendant.

SITTING: SPEAR, HANSON, PHILBROOK, MORRILL, JJ.

SPEAR, J. This case arises upon a motion and hearing to dissolve a temporary injunction obtained upon bond, by the plaintiff against the defendant.

The injunction was dissolved and the sitting Justice appointed Donald B. Partridge as special master to hear the parties and assess the damages and costs sustained by the defendant by reason of the injunction. The master gave notice and heard the parties and found that the defendant was entitled to recover the sum of $269.52.

To the finding of the master, the plaintiff filed exceptions. At the February term of court, 1920, upon motion of the defendant for an acceptance of the report, the sitting Justice, after hearing, both parties being represented by counsel, ordered and decreed that the exceptions to the master's report be overruled, and the report affirmed, and further decreed that the damages and costs suffered and incurred by the defendant by reason of the temporary injunction be assessed and awarded to the defendant in the sum of $269.52, and in default of payment execution to issue. To this decree plaintiff excepted.

The exceptions are based upon two theories: One, that the elements of damages considered by the master are not included in those contemplated by the statute; two, that no motion was made in accordance with the requirements of the statute for the assessment of damages.

Under the first theory, the elements of damages considered by the master to which objection was made by the plaintiff, embraced, (1) "The assessment of alleged damages sustained by the defendant on account of laying off of men and teams." (2) The allowance for the item of laying off men and teams "because it was the duty of defendant to procure other work and to discourage the men . . . held up by the injunction." This was a question of fact upon which the master's finding, with no evidence to the contrary, must be regarded as final. (3) To the allowance of damages "in not getting logs out of the snow." (4) To the allowance of getting logs out of the snow. (5) To the allowance of expenses and counsel fees. (6) To the allowance of expenses incurred by the defendant in procurring a dissolution of the injunction. (7) To the allowance of the total of the above named elements. Items 3, 4, 5, 6, and 7 all embrace elements of facts upon the finding of which the master's report cannot be disturbed.

We think the statute, R. S., Chap. 82, Sec. 35, which provides in case a temporary injunction is dissolved upon the motion of the defendant that "plaintiff shall pay all the damages, and costs caused thereby" is broad enough to include every element of damage upon which the master passed. The exception to the items considered must be overruled.

Under the second theory, the exception alleges the failure of proper procedure to enable the master to consider the question of damages at all, namely, that no motion was made for the assessment of the damages. The defendant filed his answer to the plaintiff's bill for an injunction praying "that the plaintiff's bill may be dismissed and for his costs."

The presiding Justice upon this answer and prayer to dismiss the bill filed the following decree: "This cause came on for hearing this day and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows, viz: That it be referred to Donald B. Partridge, Special Master in Chancery, hereby appointed for the purpose, to take into account the damages, by the defendant sustained by reason of the interruption of his business in the issuance of the temporary injunction, ordered by the court and subsequently dissolved as appears by the record in the above entitled case, and report the amount found to be due the defendant from

said plaintiff. Said report to be made to said court after notice and hearing by said master."

This decree is clearly based upon the implication that upon dissolution of the injunction the statutory remedy was invoked to compensate the defendant in damages "caused thereby."

The statute does not require a written motion for the assessment of damages and costs. It may be oral or in writing. The decree of the presiding Justice, in form and substance, clearly implies a motion, and the conduct of the plaintiff, upon the filing of the decree confirms that implication, to the extent of now being estopped to deny that such motion was made. Had he, before the case was submitted to the master, made known his objection, the error, if there was one, could then and there have been corrected.

The record shows that the plaintiff was present with counsel and was fully heard upon every step of the proceedings until the filing of the master's report, without a word of objection to the method of procedure.

But he could not stand by and take the chances of a favorable report of the master, and accept the advantage thereof, and decline to abide by the report if it was deemed by him to his disadvantage to do so. Under the well-settled rules of law he must be deemed to have waived any irregularity in the proceedings that did not go to the jurisdiction of the court. The second exception must therefore be overruled.

*Exceptions overruled.*